UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────

J.D. BOWEN,

                *Plaintiff*,        CASE NO._____

                                      COMPLAINT
      —*vs*—                          AND
                                DEMAND FOR JURY TRIAL

UNITED STATES OF AMERICA,

                *Defendant.*
───────────────────────────────

## INTRODUCTORY STATEMENT

1. This is an action for compensatory damages, costs and reasonable attorney fees pursuant to Title 26 U.S.C. §§ 7433 and/or 7430, for the actions of officer(s) and/or employee(s) of the Internal Revenue Service, an agency of the United States of America, while acting in the course and scope of their employment in connection with the collection of federal taxes from the plaintiff, wherein said officer(s) and/or employee(s) recklessly or intentionally disregarded provisions of Title 26 of the United States Code and/or regulations promulgated under said Title in connection with the collection of federal taxes from the Plaintiff in violation of Title 26 U.S.C. § 7433.

JURISDICTION

2. This action arises under, and jurisdiction is conferred upon this court pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1346 and 26 U.S.C § 7433.

3. All jurisdictional and administrative prerequisites to bringing this action have been met necessary for the institution of this action (*See* administrative claim for damages sent in writing [and received] to the Area Director, Attn: Compliance Technical Support Manager, Internal Revenue Service, pursuant to Treas. Reg. § 301.7433-1 attached hereto as Exhibits "A" incorporated herein by reference).

4. The plaintiff has exhausted all administrative remedies necessary for the bringing of this action.

5. The defendant has partially waived sovereign immunity pursuant to 26 U.S.C. § 7433, and this action is brought by the plaintiff pursuant to said waiver.

VENUE

6. Venue is proper in this court pursuant to 28 U.S.C. §§ 1391 and 1402 and because the acts, which form the basis of the claim, occurred within the Western District of New York.

PARTIES

7. The plaintiff's full name is James D. Bowen. He is a citizen of the United States, resident of Monroe County, State of New York (hereinafter referred to as "plaintiff").

8. Plaintiff has designated his name on this action as J.D. Bowen to avoid additional detrimental impact to him and his business from the mere filing of this lawsuit, which he was compelled to file in order to obtain redress of his grievances against the IRS that were solely and whole caused by the illegal, improper, and unauthorized conduct or IRS agents, employees, or representatives as describe throughout this complaint.

9. The defendant is the United States of America for actions of officer(s) and/or employee(s) of the Internal Revenue Service, Department of the Treasury while acting in the course and scope of their employment.

UNITED STATES GOVERNMENT EMPLOYEES/PERSONNEL

10. Scott Goetz ("Goetz") is, and at all times hereinafter mentioned was, a Revenue Officer employed by the United States Internal Revenue Service ("IRS"),

11. The IRS is a bureau within the United States Department of the Treasury, which is an "Executive agency" of the United States government under 5 U.S.C. § 105.

12. By virtue of the above, Goetz's conduct is subject to, among others, the provisions of 5 C.F.R. Part 2635 (Standards of Ethical Conduct for Employees of the Executive Branch) and 5 C.F.R. Part 735 (Office of Personnel Management—Employee Responsibilities and Conduct).

<u>FACTUAL ALLEGATIONS</u>

13. On or about May 20, 2021, plaintiff and the IRS Independent Office of Appeals entered into a direct debit partial pay installment agreement ("payment agreement"), covering plaintiff's federal personal income tax liabilities for and including, among others, tax years 1998, 1999, 2001, 2002, 2004, 2005, 2006, 2007, 2008, 2009, 2010, 2014, 2015, and 2017.

14. Under the terms of the payment agreement, the plaintiff and the IRS agreed that the plaintiff would pay the amount of $1,423 per month each month for a period of years until the liability is paid.

15. The terms of the payment agreement explicitly stated in its language that the payment agreement is being entered by the parties – including the IRS – "as a collection alternative."

16. The plaintiff has complied with his obligations under the payment agreement.

17. At no time has the defendant declared the plaintiff to be in default in the payment agreement.

18. At no time has the defendant notified the plaintiff that it considers the payment agreement to be in default or terminated.

19. As a result of the payment agreement, the IRS was obligated to suspend all collection activity against the plaintiff for the tax years covered in the payment agreement, including tax years 1998, 1999, 2001, 2002, 2004, 2005, 2006, 2007, 2008, 2009, 2010, 2014, 2015, and 2017.

20. Despite defendant's obligation to suspend collection activities against the plaintiff during the term of the payment agreement, on or about and between January 2023 and continuing through March 2023, IRS Revenue Officer Goetz intentionally, recklessly, and illegally pursued unauthorized collection activities against the plaintiff for the tax years set forth above and denied the plaintiff his taxpayer rights.

21. On or about January 6, 2023, Goetz sent notice to the plaintiff by United States mail informing the plaintiff that he was intending to engage in collection activity.

22. This communication specifically indicated that the collection activity related to tax years 1998, 1999, 2001, 2002, 2004, 2005, 2006, 2007, 2008, 2009, 2010, 2014, 2015, and 2017 – each of which years are covered under the payment agreement.

23. On or about February 23, 2023, Goetz sent a Notice of Federal Tax Lien Filing ("NTLF) to the plaintiff, informing the plaintiff that the IRS had filed a Notice of Federal Tax Lien on February 24, 2023.

24. This notice indicates that the tax lien purported to be filed on February 24, 2023, pertained to collection activities for tax years 2004, 2005, 2006, 2007, 2008, 2009, and 2010, which are tax years covered under the payment agreement.

25. Contrary to this correspondence and Goetz's representations made therein, according to public records of the Monroe County (NY) Clerk, no Notice of Federal Tax Lien was filed in the Office of the Monroe County (NY) Clerk on February 24, 2023.

26. According to public records of the Monroe County (NY) Clerk, on or about March 1, 2023, Goetz caused a Notice of Federal Tax Lien to be filed against the plaintiff in the amount of $1,338,085.57.

27. According to public records of the Monroe County (NY) Clerk, on or about March 6, 2023, Goetz caused a second and identical

Notice of Federal Tax Lien to be filed against the plaintiff in office of the Monroe County (NY) Clerk in the amount of $1,338,085.57.

28.   At the time Goetz engaged in the collection activity and conduct alleged above, he knew—or had reason to know—that such collection activity was prohibited because the plaintiff and the IRS Independent Office of Appeals had entered into the payment agreement described above, and that such agreement was still in full force and effect at the time he engaged in the prohibited collection activity.

29.   On March 29, 2023, the plaintiff sent Revenue Officer Goetz a request in writing requesting that Goetz: (1) reverse and vacate the Notice of Federal Tax Lien based on the installment payment agreement that was in effect; (2) provide written confirmation that the Notice of Federal Tax Lien had been vacated; (3) recuse himself from case management based on repeated and continued violations of IRS rules, regulations, laws, and policies, and based upon the revenue officer's repeated intentional, willful, and improper abuse of discretion in connection with his unauthorized and illegal collection actions taken against the plaintiff; (4) challenging the Notice of Federal Tax Lien; (5) requesting a conference call with his group manager; and (6) requesting that plaintiff be able to pursue an Collection Appeals Program (CAP) appeal of Goetz's action.

30. Goetz failed to respond to the plaintiff's March 29, 2023 letter in any fashion.

31. In or about March 2023, the plaintiff sent an e-mail message to the IRS Appeals Settlement Officer with whom the plaintiff had negotiated the payment agreement referenced above.

32. In this e-mail message, the plaintiff described Revenue Officer Goetz's unauthorized and illegal collection activity and other conduct.

33. The plaintiff has exhausted his administrative remedies to have this matter corrected, all to no avail.

34. All actions complained of herein were by officer(s) or employee(s) of the IRS acting in the course and scope of their employment with the IRS and committed in total disregard to the provisions of the Internal Revenue Code or Regulations promulgated thereunder in connection with the collection of federal taxes with respect to the plaintiff.

35. The actions of the officer(s) or employee(s) of the IRS complained of herein were reckless or intentional and engaged in with the intent to harass, oppress, or abuse the plaintiff in connection with the attempt to collect taxes that Revenue Officer Goetz knew were

prohibited by virtue of the payment agreement then in full force and effect.

36. All actions complained of herein were in violation of 26 U.S.C. § 6304 (b) and 26 U.S.C. § 7433.

37. The actions complained of herein were in violation of the IRS code provisions, and IRS Rules and Regulations that require the suspension of collection activities while a payment agreement is pending or in effect.

38. The actions of the officer(s) or employee(s) of the IRS complained of herein were the proximate result of actual direct economic damages sustained by the plaintiff.

## DAMAGES

39. As a direct result of the foregoing, the plaintiff has suffered actual pecuniary damages of $1,225,705.57.

WHEREFORE, plaintiff respectfully requests that this Court judgment against the defendant for an award damages, costs, and attorney fees as it deems just and proper in light of the defendant's unauthorized collection actions as outlined in this action.

Plaintiffs demand trial by jury on all issues so triable.

Dated:  January 3, 2025

                                *s/ Matthew R. Lembke*
                                _____
                                Matthew R. Lembke
                                CERULLI, MASSARE & LEMBKE
                                *Attorney for Plaintiff*
                                45 Exchange Blvd., Suite 925
                                Rochester, NY 14614
                                Telephone: [585] 454-3323
                                matt.lembke@cmllawfirm.com